**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROY A. DAY,**

    **Plaintiff,**

vs.                                               Case No.  4:21cv425-AW-MAF

**STATE OF FLORIDA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon receipt of Plaintiff's complaint, ECF No. 1, a civil cover sheet, ECF No. 2, a motion for leave to proceed in forma pauperis, ECF No. 3, and a motion requesting leave to file electronically and for an emergency ruling on his motions by October 27, 2021, ECF No. 4. These filings have been considered and this Report and Recommendation will be entered on October 27, 2021.

Plaintiff Roy A. Day is well known within the Northern District of Florida as he has previously filed a number of frivolous cases in this Court

which have resulted in the imposition of various sanctions.[1]  Plaintiff has also been deemed "a serial filer of frivolous actions in federal courts" because he "instituted and pursued prolific and abusive litigation in the Middle District of Florida."  In re Roy Day Litig., 976 F. Supp. 1445, 1456 (M.D. Fla. 1995).  The Eleventh Circuit Court of Appeals has recently dismissed an appeal submitted by Day because he did not comply with that "Court's September 28, 1998 order that he first obtain an order from the district court certifying that the appeal is not frivolous or that the appellate docketing and filing fees are paid in full at the time he files his notice of appeal."  Day v. Gen. Motors, LLC, No. 21-10300-E, 2021 WL 1733362, at *1 (11th Cir. Feb. 1, 2021).  Moreover, the United States Supreme Court has found Plaintiff Roy A. Day to be "an abuser of this Court's certiorari process," and the Clerk of that Court was directed to not "accept any further petitions for certiorari from Day in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33."  Day v. Day, 510 U.S. 1, 2, 114 S. Ct. 4, 4, 126 L. Ed. 2d 1 (1993).

---

[1] Plaintiff previously filed fourteen cases in this District alone: 5:98cv231-SPM, 4:97cv255-WS, 4:95cv40289-WS, 4:95cv40266-WS, 4:95cv40260-WS, 4:95cv40228-WS, 4:95cv40116-WS, 4:95cv40117-WS, 4:94cv40356-WS, 4:94cv40355-WS, 4:94cv40330-WS, 4:94cv40329-WS, 4:94cv40315-WS, and 4:02cv143-RH.

A few of the cases Day filed in this Court are worthy of note. Day submitted case number 4:97cv255-WS, Day v. State Court Judges. His complaint was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). ECF Nos. 5 and 7 of that case. Day was informed that he would not be permitted to file another action in this district until he paid the $150.00 filing fee for that case. In addition, he was limited to filing one civil action every three years, and enjoined from filing future lawsuits without a prior certification by a magistrate judge that the suit was not frivolous. ECF No. 7, case # 4:97cv255. Plaintiff Roy A. Day has not complied with that Order.[2] As of this date, he has still not paid the filing fee for that case.

In yet another case filed one year later, case number 5:98cv231-SPM, Day v. Day, et al., United States District Judge Stephen P. Mickle required Plaintiff to attach a copy of the order of dismissal of that case to

---

[2] As an example, Plaintiff filed case number 1:15cv541, Day v. Loucks, et al, in the Delaware District Court in June of 2015. He then filed case number 1:16cv200, Day v. Loucks et al., in that Court just seven months later. The next year Plaintiff filed case number 1:17-CV-3294-RWS in the United States District Court for the Northern District of Georgia. See Day v. AT&T Mobility, LLC, No. 1:17-CV-3294-RWS, 2018 WL 2002135 (N.D. Ga. Feb. 26, 2018). In 2019, Plaintiff filed a case against General Motors in the Eastern District of Michigan. See Day v. General Motors Co., No. 19-11311, 2019 WL 6173887 (E.D. Mich. Nov. 20, 2019). Plaintiff then filed case number 8:20cv02477, Day v. Trump, et al., in the United States District Court for the Middle District of Florida in October of 2020. He also filed case number 8:20cv02963, Day v. General Motors LLC, et al., in the Middle District of Florida in December of 2020. He filed this case on October 25, 2021. He continues to file a multitude of cases throughout the federal courts on a yearly basis, and sometimes more.

any new complaint filed. He was also not permitted to file any new complaints in this Court until he paid $300.00 ($150 filing fee owed for that case as well as the $150 filing fee for case 4:97cv255-WS). ECF No. 5 of case # 5:98cv231. The $300.00 has still not been submitted.

In addition, in case number 4:02cv143-RH, United States District Judge Robert L. Hinkle ordered Plaintiff to "immediately" pay the $150.00 filing fee for that case. ECF No. 15 of case # 4:02cv143-RH. Similarly, Plaintiff Roy Day has ignored that Order as well as the filing fee has not been paid.

In reviewing Plaintiff's litigation history in this Court, it does not appear that Day has complied with any of the Orders noted above. Day has not limited his cases to filing one lawsuit every three years. *See* case 5:98cv231, ECF No. 5. He has not paid the $300 in filing fees for case number 5:98cv231 and case number 4:97cv255. He has also not paid the filing fee "immediately" as ordered by Judge Hinkle in case number 4:02cv143, ECF No. 15. Moreover, Plaintiff was specifically directed to attach a copy of Judge Mickle's order dismissing case 5:98cv231 to any future pleadings he might file. ECF No. 5 of case # 5:98cv231. He has not complied.

In this action, Plaintiff has not paid the filing fee, but submitted an in forma pauperis motion. ECF No. 3. Despite claiming he is homeless, Day contends that he pays $500.00 in rent and $50.00 in utilities. *Id.* at 4. Nevertheless, this motion, and all other motions should be denied. Because Plaintiff Roy A. Day did not comply with the Orders of this Court and pay the sanctions assessed, he should not be permitted to proceed with this case.

Moreover, this case has been given a frivolity review as required by the Order entered by United States District Judge William Stafford. ECF No. 7, case # 4:97cv255. Essentially, Plaintiff complains that a case he filed in state court was "immediately dismissed," as was his appeal filed in an unidentified "Florida Appellate Court." ECF No. 1 at 2-4. He contends, without any supporting factual allegations, that the State of Florida has "railroaded" him and deprived him of his due process and equal protection rights pursuant to a conspiracy. *Id.* at 5. As relief, he asks this Court to dismantle the "two-tier system of justice" in Florida's state courts. *Id.* at 6. He also appears to request that his state court cases not be placed under seal, and that the courts be enjoined from denying Plaintiff his constitutional rights. *Id.* at 7.

First, this Court lacks authority to control the actions of state court judges. Second, Plaintiff may not seek appellate review of the decision of a state court in this Court, as the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in <u>Brown v. R.J. Reynolds Tobacco Co.</u>, 611 F.3d 1324, 1330 (11th Cir. 2010)). That is the essence of Plaintiff's claims - that his rights in state court were violated and he seeks redress in this Court. Because such a claim is barred in this Court, Plaintiff's only avenue of relief is to pursue an appeal in state court.[3]

---

[3] It appears that Plaintiff may be barred from proceeding in the Florida Supreme Court unless he is represented by a lawyer. ECF No. 1 at 6.

Case No. 4:21cv425-AW-MAF

Third, Plaintiff's claims are conclusory, vague, and insufficient as a matter of law. He provides no facts to support his claim of conspiracy or harassment by the State of Florida.

For all those reasons, the complaint cannot proceed in this Court. Plaintiff's failure to pay the filing fees for case number 4:97cv255, case number 5:98cv231, and case number 4:02cv143 cannot be ignored. The fact that he failed to attach Judge Mickle's dismissal order to his complaint cannot be overlooked. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 3, should be denied and the complaint, ECF No. 1, dismissed as an abuse of the judicial process.

It is also recommended that Plaintiff Roy Day's motion requesting permission to file documents electronically, ECF No. 4, be denied. Because Day does not comply with Court Orders, he cannot be trusted to not abuse the electronic filing system or harass a defendant.

Furthermore, an additional sanction should also be entered because Plaintiff continues to violate court orders. Rather than simply complying with the Order which directs the Clerk of Court to refer any complaint Plaintiff may submit to a magistrate judge for prior certification that it is not frivolous, a practice which is routinely done anyway, it is recommended that

Plaintiff be required to obtain the signature of an attorney, licensed to practice in the state of Florida and admitted to practice in this Court, on any future civil complaint submitted by Plaintiff. The attorney must verify that Plaintiff's pleading is neither frivolous nor submitted for any improper purpose. From that point forward, Plaintiff could proceed pro se, but his initial access to this Court would be limited such that a lengthy Report and Recommendation would be unnecessary.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 3, be **DENIED,** the motion to file documents electronically, ECF No. 4, be **DENIED**, and this case be **DISMISSED** as an abuse of the judicial process because Plaintiff did not comply with the prior Orders of this Court and has not paid the sanctions imposed. It is also **RECOMMENDED** that Plaintiff Roy A. Day be required to obtain the signature of an attorney, licensed to practice in the state of Florida and admitted to practice in this Court, which verifies that any any future civil complaint submitted by Plaintiff is neither frivolous nor submitted for any improper purpose. Finally, Plaintiff should be required to demonstrate that he has paid the $300.00 filing fees assessed previously

as a sanction, and the $150.00 filing fee ordered to be paid in case number 4:02cv143-RH, before the Clerk of Court accepts any additional filing from Roy A. Day.

**IN CHAMBERS** at Tallahassee, Florida, on October 27, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**